IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN MAHER | ) |
| | ) |
| v. | ) No. 3:16-0904 |
| | ) |
| NANCY A. BERRYHILL[1] | ) |
| Acting Commissioner of Social Security | ) |

To: The Honorable Waverly D. Crenshaw, Chief District Judge

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12), to which Defendant has responded. Docket Entry No. 13.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12) be **DENIED**.

## I. INTRODUCTION

Plaintiff filed an application for DIB on December 19, 2012. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 82.[2] He alleged a disability onset date of

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

November 29, 2012. AR 95. Plaintiff asserted that he was unable to work due to bipolar disorder, depression, kidney cancer, and memory problems. AR 99.[3]

Plaintiff's applications were denied initially and upon reconsideration. AR 82, 95. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ William F. Taylor on September 26, 2014. AR 30. On December 12, 2014, the ALJ denied the claim. AR 9-11. On August 5, 2013, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (AR 1-4), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on December 12, 2014. AR 9-11. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant last met insured status requirements of the Social Security Act on June 30, 2014.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of November 29, 2012 through his date last insured of June 30, 2014. (Exhibits B-4D, B-5D) (20 CFR 404.1571 *et seq.*).

\*\*\*

3. Through the date last insured, the claimant had the following severe impairments: renal cell carcinoma, status post resection; and chronic obstructive pulmonary disease (COPD) (20 CFR 404.1520(c)).

\*\*\*

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[3] The Commissioner also found evidence of asthma and a history of substance and alcohol abuse. AR 99.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

\*\*\*

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except frequent postural activities except for [sic] no climbing ladders, ropes or scaffolds; no limits on fingering, feeling, and handling; the avoidance of concentrated exposure to temperature extremes, as well as dusts, odors, fumes, gases, irritating inhalants, and areas of poor ventilation; no limits on operation of foot controls; no limits on hearing, seeing or speaking; and no other limits of any type.

\*\*\*

6. Through the date last insured, the claimant was capable of performing past relevant work as a manager of distribution warehouse. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565).

\*\*\*

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from November 29, 2012, the alleged onset date, through June 30, 2014, the date last insured (20 CFR 404.1520(f)).

AR 14-25.

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions

of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v.*

5

*Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot

6

Case 3:16-cv-00904   Document 15   Filed 01/11/18   Page 6 of 16 PageID #: 1046

satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step four of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a manager and thus concluded that Plaintiff has not been under a disability from the alleged onset date through the date last insured. AR 14-25.

### D. Plaintiff's Assertion of Error

Plaintiff argues that the ALJ erred by (1) failing to "properly evaluate the evidence and apply the Code of Federal Regulations." DE 12-1 at 6. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id*. at 7.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement

to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses Plaintiff's assertion of error as follows.

**The evidence of record.**

Plaintiff's terse argument alleges that Dr. Harry Wright, who completed a consultative examination of Plaintiff on April 16, 2013, "had no medical record on which to base his opinion" that Plaintiff did not suffer from a physical impairment. DE 12-1 at 5. Plaintiff also finds fault with the opinion of Robert Doran, M.A., who conducted a consultative psychological examination on May 8, 2013, for suggesting that Plaintiff had no functional limitations related to a previous nephrectomy. *Id.* Plaintiff does not explain how either of these situations constitutes reversible error, but instead makes a passing reference to Social Security Ruling ("SSR") 96-6p,[4] which involves consideration of medical findings from State agency medical and psychological consultants. *Id*. at 5-6.[5]

Although not entirely clear, Plaintiff's reference to SSR 96-6p implies an argument that the weight assigned to these opinions by the ALJ is not supported by substantial evidence. Notably, however, SSR 96-6p pertains to *nonexamining* sources:

> Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.

---

[4] The entirety of Plaintiff's argument in this regard contains the following: "The ALJ fails to properly evaluate SSR 96-6p[.]" DE 12-1 at 6.

[5] SSR 96-6p has been rescinded effective March 27, 2017, but still applies to the undersigned's analysis of Plaintiff's claim as the complaint was filed in May of 2016. *See* DE 1.

9

1996 WL 374180, at *1 (July 2, 1996).⁶ In contrast, both Dr. Wright and Dr. Moran represent *examining* sources that saw Plaintiff in April and May of 2013, respectively. *See* AR 804-09, 811-14. There is thus no basis on which to find that the ALJ violated SSR 96-6p. *See Gardner v. Comm'r of Soc. Sec.*, No. 06-14936, 2008 WL 564973, at *11 (E.D. Mich. Feb. 29, 2008) ("SSR 96-6p applies to medical opinions of nonexamining sources.") (internal citation omitted).

Regardless, to the extent that Plaintiff alleges that the ALJ improperly weighed the opinion of Dr. Wright, the Court finds no such error. Plaintiff faults Dr. Wright for failing to "indicate he had any medical records available for review despite there being several hundred pages of VA records available." DE 12-1 at 5. However, failure to review a claimant's complete medical history, by itself, does not represent reversible error, as such a holding would allow a claimant to seek treatment following completion of a consultative examination and later argue that the consultative examiner's findings failed to account for her subsequent treatment. *See Grant v. Colvin*, No. 3:14-cv-399, 2015 WL 4713662, at *13 (E.D. Tenn. Aug. 7, 2015) ("If the Court were to adopt the Plaintiff's argument, any consultative examiner should be summarily dismissed if their opinion was submitted without full review of a plaintiff's medical record or predated any treatment records."). Indeed, Plaintiff fails to identify any regulation or relevant case law requiring a medical source to have access to a claimant's complete medical history before issuing an opinion. *See Robinson v. Comm'r of Soc. Sec. Admin.*, No. 5:14-cv-291, 2015 WL 1119751, at *11 (N.D. Ohio Mar. 11, 2015) ("There is no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record. The opinions need only be supported by evidence in the case record.") (citing *Helm*

---

⁶ Defendant correctly notes that SSR 96-6p also discusses scenarios in which an ALJ is required to obtain an updated medical expert opinion "before a decision of disability based on medical equivalence can be made." 1996 WL 374180, at *1 (July 2, 1996). Plaintiff makes no argument, however, regarding medical equivalence in this matter.

*v. Comm'r of Soc. Sec. Admin.,* 405 F. App'x 997, 1002 (6th Cir. 2011)) (internal quotations omitted).

Plaintiff also suggests that Dr. Wright's report was inconsistent because it held that Plaintiff had no physical limitations despite making the following observation: "Weight Lift: > 10 pounds bilaterally." AR 809. The Court acknowledges that such a notation is somewhat confusing, although a straightforward reading of this remark indicates that Plaintiff is capable of lifting more than 10 pounds, which is consistent with Dr. Wright's finding that Plaintiff has no physical restrictions. AR 809. Moreover, the ALJ accorded "less weight" to this opinion (AR 23), thus rendering any errors contained in the evaluation harmless. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (noting that the reviewing court is "not required to convert judicial review of agency action into a ping-pong game where remand would be an idle and useless formality.") (quoting *NLRB v. Wyman-Gordon Co.,* 394 U.S. 759, 766, 89 S. Ct. 1426, 22 L. Ed. 2d 709 n.6 (1969)) (internal quotations omitted). *Cf. also Hoelscher v. Comm'r of Soc. Sec.*, No. 09-11581, 2010 WL 4179272, at *4 (E.D. Mich. Oct. 20, 2010) ("[T]here is no reason to depart from the usual harmless-error rule when the ALJ merely failed to give a detailed explanation why she gave less weight to a one-time examining opinion.") (quoting *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006)).

Furthermore, the ALJ made clear in the opinion that the portion of the assigned RFC involving physical exertional requirements was adopted from the RFC assigned as part of Plaintiff's prior application, in which Plaintiff was restricted to less than a full range of light work as defined in 20 C.F.R. § 404.1567(b). AR 19, 23, 63.[7] This adoption was based on two Sixth Circuit cases, which held, respectively, that a prior administrative determination regarding

---

[7] Plaintiff was previously awarded a closed period of disability benefits for the time period between June 19, 2009 through September 30, 2010. AR 55-60.

11

the exertional level of a claimant's past work was binding in subsequent administrative proceedings, *Dennard v. Sec'y of Health & Human Servs.,* 907 F.2d 598 (6th Cir. 1990), and that an ALJ in a subsequent proceeding is bound by the prior ALJ's RFC findings and may not decide the case by utilizing a less restrictive RFC unless there is evidence of an improvement in the claimant's condition. *Drummond v. Comm'r of Soc. Sec.,* 126 F.3d 837 (6th Cir. 1997) (referred to jointly as "*Dennard/Drummond*"). Despite adopting the "less than a full range of light work" finding regarding physical exertion, the ALJ additionally concluded that Plaintiff no longer suffers from any "severe" mental impairment based on evidence that Plaintiff's mental condition had improved since the issuance of the prior decision. AR 23.[8]

Plaintiff does not address this finding, but instead argues vaguely that the RFC in the instant case "seems even less restrictive than the opinion of the earlier Favorable Decision despite kidney removal[.]" DE 12-1 at 5. This is certainly true with respect to Plaintiff's mental condition in light of the ALJ's determination that Plaintiff no longer suffers from any severe mental impairment, as discussed *supra*. And although no one disputes that Plaintiff's kidney operation occurred—to the contrary, the ALJ determined that Plaintiff's "renal cell carcinoma, status post resection" represented a severe impairment (AR 14)—Plaintiff fails to cite any medical evidence indicating that Plaintiff is subject to additional functional limitations as a result of this condition, thus rendering his argument irrelevant. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)).

---

[8] *See* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii) (a severe impairment is one that lasts or is expected to last for a continuous period of 12 months).

Plaintiff's best argument pertains to his cervical spine. Plaintiff notes that a CT scan performed on September 7, 2011, more than one year before the alleged onset date, showed degenerative osteoarthritis throughout the cervical spine. AR 241-42. Approximately five months later, however, Plaintiff's provider noted that although he had "moderate cervical stenosis at C6-7," this finding was "nothing remarkable" and would not necessitate surgical intervention. AR 417. During that same visit, Plaintiff stated that he had not experienced any cervical pain since September of 2011, with his provider making the following notation: "He bought a Tempra Pedic [sic] bed and he states that since he bought the bed everything has been 100% better .... [A]t this point he tells me that he has no more symptoms and he feels great." AR 416.

The Court also notes that the ALJ described extensively the evidence of record suggesting that Plaintiff did not experience any functional limitations as a result of a cervical condition, with medical findings including a consistently normal gait and range of motion in the back and neck, full upper extremity strength, as well as mild findings from a consultative examiner. AR 15-16, 19-21. Plaintiff's brief reference to a nurse practitioner's statement that Plaintiff should avoid any overhead lifting during a single office visit that took place 10 months before the alleged onset date (AR 300-01) does not overcome such evidence. *See Key*, 109 F.3d at 273 ("The decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."). The Court also notes that even if this statement was intended to convey a permanent physical limitation, a nurse practitioner is not an "acceptable medical source," which precludes the statement from constituting a medical opinion that establishes the existence of any functional limitations. *See Hetzer v. Comm'r of Soc. Sec.*, No. 1:16-cv-555, 2017 WL 4324754, at *1 (S.D. Ohio Sept. 29, 2017) (noting that a nurse

13

practitioner "is an 'other source,' meaning that her opinion cannot establish the existence of a medically determinable impairment").[9]

Finally, the Court notes that Plaintiff's assertion with respect to Mr. Doran can hardly be considered an argument. Plaintiff simply states: "It should be pointed out Examiner Doran is the consultative psychological examiner." DE 12-1 at 5 (emphasis in original). Plaintiff suggests that Mr. Doran's alleged statement, which indicated that no functional limitations were caused by Plaintiff's nephrectomy, is improper because Mr. Doran evaluated Plaintiff only in regards to his mental condition. Plaintiff's suggestion is disingenuous, however, as it is clear to the undersigned that the ALJ simply misattributed to Mr. Doran the report indicating that Plaintiff had "no known limitations from his nephrectomy." AR 20. Plaintiff's misguided attack on Mr. Doran's opinion is further undermined by the fact that it was actually one of Plaintiff's own treating physicians, Dr. Jane Lacey, who stated that Plaintiff "has no known limitations from his nephrectomy" (AR 890), an opinion that would tend to support the ALJ's determination. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 417 (6th Cir. 2011) (noting that an ALJ should give "greater deference" to the opinions of treating physicians) (internal citation omitted). Therefore, to the extent that any error was committed due to this misidentification, the Court finds that such an error is harmless.

The burden lies with Plaintiff to prove that he is disabled. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citing *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993)). Here, Plaintiff's brief does little more than cite diagnoses from various office visits and his own testimony DE 12-1 at 2-5. This is fatal to his argument as a mere diagnosis is

---

[9] The regulations identifying a nurse practitioner as an "other source" opinion have been revised effective March 27, 2017. *See* 20 C.F.R. §§ 404.1513(a), 404.1527(a)(1). Because Plaintiff's claim was filed well before this date, however, the nurse practitioner is considered an "other source" for purposes of this Report and Recommendation, as indicated above.

14

insufficient to establish disability, *see Krakow v. Comm'r of Soc. Sec.*, No. 13-14388, 2015 WL 1301300, at *10 (E.D. Mich. Mar. 23, 2015) ("[S]imply because plaintiff suffers from certain conditions or carries certain diagnoses does not equate to disability[.]"), and the ALJ clearly found that Plaintiff's testimony was not credible, as discussed at length in the opinion. *See* AR 20-25. Plaintiff provides no evidence to refute this finding, and instead perfunctorily claims that the ALJ "fail[ed] to properly evaluate ... SSR 96-7p." DE 12-1 at 6.[10] Even assuming that SSR 96-7p applies to the undersigned's analysis,[11] and that Plaintiff's bare assertion represents an actual argument,[12] Plaintiff's empty reference to this ruling does not explain how the evidence of record supports his allegations of disabling pain. This is significant because of the substantial deference the reviewing court must give to the ALJ's credibility determination. *See Bailey v. Sec'y of Health & Human Servs.*, 922 F.2d 841 (6th Cir. 1991) ("In evaluating the credibility of a claimant, this circuit has recognized that a reviewing court should be "particularly reluctant" to substitute its judgment of the credibility of the claimant for that of the ALJ, since the ALJ has "seen the claimant in the flesh" and has had the opportunity to observe his demeanor.") (citing *Gooch v. Sec'y of Health and Human Servs.,* 833 F.2d 589, 592 (6th Cir. 1987) (per curiam), *cert. denied,* 484 U.S. 1075 (1988)); *see also Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005) (""Claimants challenging the ALJ's credibility findings face an uphill battle"."). Here, Plaintiff points to no evidence that would cause the Court to question the ALJ's

---

[10] While in effect, SSR 96-7p involved an ALJ's assessment of a claimant's credibility. *See* 1996 WL 374186 (July 2, 1996).

[11] SSR 96-7p was rescinded and superseded by SSR 16-3p on March 16, 2016. *See* SSR 16-3p, 2016 WL 1119029 (March 16, 2016).

[12] *See Markel v. Comm'r of Soc. Sec.*, No. 13-11196, 2013 WL 5854467, at *3 (E.D. Mich. Oct. 30, 2013) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997)).

15

determination of Plaintiff's credibility, especially as to Plaintiff's allegations of disabling pain. This assertion of error is therefore rejected.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully recommended that Plaintiff's motion for judgment on the administrative record (DE 12) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge