# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

KEVIN MAHER,               )
                                       )

      Plaintiff,           )
                                       )

v.                          )    NO. 3:16-cv-00904
                                      )    CHIEF JUDGE CRENSHAW

NANCY A. BERRYHILL,      )
                                       )

      Defendant.      )

## <u>ORDER</u>

Before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 15) urging the Court to affirm the decision of the Commissioner and deny disability benefits to Mr. Maher. No objections have been filed. The Magistrate Judge has conducted a thorough analysis. This is one of those cases that does give the Court pause. There is evidence in the record that Mr. Maher suffers from a host of potentially disabling conditions, both psychiatric and physical. Indeed, the ALJ admitted that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms," but found that "claimant's statements concerning the intensity, duration, and limiting effects of these symptoms are not *entirely* credible." (AR at 23 (emphasis added).) This is not exactly a ringing endorsement of Mr. Maher's residual functional capacity.

However, the Court is severely limited upon judicial review. The Commissioner's decision <u>must</u> be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." <u>Blakley v. Comm'r of Soc. Sec.</u>, 581 F.3d 399, 406 (6th Cir. 2009). The Court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. <u>See, e.g.</u>, <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th

Cir. 1984) (citing <u>Myers v. Richardson</u>, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g); <u>see, e.g.</u>, <u>Houston v. Sec'y of Health & Human Servs.</u>, 736 F.2d 365, 366 (6th Cir. 1984). Based on the record before it, without relitigating the case or deciding questions of credibility differently, the Court cannot say that the ALJ's decision was not supported by substantial evidence.

Accordingly, the Report and Recommendation (Doc. No. 15) is **APPROVED AND ADOPTED**. The Motion for Judgment on the Administrative Record (Doc. No. 12) is **DENIED** and the decision of the Commissioner is **AFFIRMED**.

This is a final order and the Clerk shall close the case.

IT IS SO ORDERED.


_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE